STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ADAM CYBULSKI, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 1, 1954—Decided June 15, 1954.

Before Judges JAYNE, STANTON and HALL.

Mr. W. Thomas McCann argued the cause for appellant.

Mr. Harold T. Parker, County Prosecutor, argued the cause for respondent.

The opinion of the court was delivered by

JAYNE, S. J. A. D.    The Legislature, *Laws of* 1951, First Special Session, enacted a complete revision of *Title* 2 of the *Revised Statute of* 1937, as amended and supplemented, with a provision that the former *Title* 2 be repealed and that the substitutionary legislation designated *Title* 2A should become effective January 1, 1952.

Subsequent to the effective date of *Title* 2A this defendant was indicted by the grand jury of the County of Burlington for the commission on June 21, 1953 of the offense of simple assault and battery "contrary to the provisions of *R. S.* 2A:85-1." At the trial on October 19, 1953 a verdict of guilty eventuated, and on November 6, 1953 the defendant was sentenced to pay a fine of $500 and released on probation for the term of three years.

In the prosecution of the present appeal from the judgment of conviction errors are assigned on behalf of the defendant relating to certain specified rulings of the trial judge during the progress of the trial, and it is additionally contended that the verdict of guilty was manifestly discordant with the weight of the evidence.

In scrutinizing the record before us, a consideration more fundamental has infiltrated our attention.    Obviously this

defendant was indicted, tried, convicted, and sentenced for the commission of a misdemeanor violative of the terms of *N. J. S.* 2*A* :85–1. This section of the statute declares that:

"Assaults, batteries, * * * and all other offenses of an indictable nature at common law, and *not otherwise expressly provided for by statute*, are misdemeanors."

The italicized diction employed in the composition of this section of the statute is supremely significant in that the offenses of simple assaults and batteries and ordinary fist fights were "otherwise expressly provided for by statute." Turn the pages to *N. J. S.* 2*A* :170–26, which reads:

"Any person who commits an assault or an assault and battery is a disorderly person."

And then to *N. J. S.* 2*A* :170–27:

"Any 2 or more persons who fight together, or commit or attempt to commit assaults and batteries upon each other, either in public or in a private place, or are present, aiding, assisting or abetting the same, are jointly disorderly persons."

■■ The development of the sections to which we have referred and the reason for the presence of the qualifying phrase in 2*A* :85–1 were elucidatively explained by the decision of the Chief Justice in *State v. Maier*, 13 *N. J.* 235 (1953), wherein the constitutionality of section 2*A* :170–26 was sustained. We extract from it this brief quotation:

"Together, these two sections [2*A* :170–26 and 2*A* :85–1] purport to make the conduct that theretofore constituted the crimes of simple assault and of simple assault and battery, *R. S.* 2 :103–1, disorderly conduct instead of misdemeanors."

Our interpretation of the rationale of the decision in *State v. Maier, supra,* influences us to conclude that the commission by the defendant of a simple assault and battery was not as alleged in the indictment a misdemeanor comprehended by the terms and provisions of *N. J. S.* 2*A* :85–1.

It is to be observed that the indictment did not charge the defendant with the commission of an atrocious assault and battery, or with an intent to commit a felony, or with an offensive weapon, and such like attacks. *Vide, N. J. S.* 2A:90–1, 2, 3.

The evidence which we have nevertheless examined discloses that the occurrence in the present case was an irascible combat of a fistic variety for better or for worse in which both parties named in the indictment participated.

We note that had the defendant been charged with and convicted of being a disorderly person, the period of his probation would have been limited to one year. *N. J. S.* 2A:169–6.

The judgment of conviction is reversed.